**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **OMER RECEP GEBESCE,** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-8375** |
| **CRUZ,** ***et al.*** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **November 10, 2026**

This case is before the Court on Omer Recep Gebesce's Petition for Writ of Habeas Corpus (ECF No. 1). Gebesce challenges his current detention by Respondents at the Philadelphia Federal Detention Center after being arrested by ICE. Because I hold that Gebesce's detention violates both 8 U.S.C. § 1226(a) and due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Gebesce, a native of Turkey, entered the United States without inspection in June of 2022. Pet. at ¶ 2. He has no criminal record, has a work permit and is gainfully employed. *Id.* Gebesce has a pending asylum application with the Immigration Court. *Id.* He does not currently have a hearing date before an immigration judge but is in removal proceedings in New York. *Id.* at ¶ 7. Gebesce was arrested by ICE on October 31, 2026, when ICE officers knocked on an apartment door in Levittown, Pennsylvania, looking for another individual at that apartment and also finding Gebesce. Response in Opposition to Petition (ECF No. 4) at 1. The ICE officers asked Gebesce for identification and he provided them with his Virginia driver's license. Oppo. at 1. ICE looked Gebesce up their system and found an address for him in New York, NY. *Id.* at 2. ICE detained Gebesce due to the discrepancy between his Virginia driver's license, last EOIR address in New

York and the fact that he was found in Pennsylvania. Oppo. at 2. An officer handwrote an arrest warrant and took Gebesce into custody. *Id.* He filed the present petition on November 5, 2026.

## II. DISCUSSION

Gebesce argues, *inter alia*, that his detention violates due process because he was not subject to an individualized custody determination. Pet. at ¶¶ 4, 24. In its opposition, Respondents argue that Gebesce is lawfully detained under 8 U.S.C. § 1226(a) but recognize that the questions of law before the Court are substantially the same as those already addressed in *Lopez-Abello v. Jamison*, No. 26-6752, 2026 WL 2981935 (E.D. Pa. Oct. 5, 2026) and *Velasquez v. Jamison*, No. 26-8074, 2026 WL 3268546 (E.D. Pa. Oct. 30, 2025). However, Respondents argue that this case is different from *Lopez-Abello* and *Velasquez* because ICE "determined that [Gebesce] was a flight risk prior to issuing a warrant and arresting him." Oppo. at 2. Respondents argue that because Gebesce "is a Turkish national in proceedings, with a Virginia Driver's License, a last EOIR address in New York, and now living in Pennsylvania without updating his address, ICE officers deemed Petitioner to be a flight risk." *Id.* at 2. Respondents argue that this is sufficient individualized custody determination to meet the requirements of § 1226(a).

As I held previously in several other cases, Gebesce's detention without an individualized custody determination would violate both 8 U.S.C. § 1226(a) and his due process rights. Therefore, if ICE's finding that Gebesce was a flight risk is an individualized custody determination, his detention would be proper and not in violation of § 1226(a) or due process. However, after review of the record in this matter, I find that the fact that Gebesce's driver's license and last known

address did not match the address where he was found is insufficient evidence to prove that he is a flight risk, and therefore, does not serve as an individualized custody determination.[1]

In assessing bond under § 1226(a), an immigration judge may consider a noncitizen's fixed address, length of residence, family ties, employment history, record of court appearances, criminal record, immigration history, attempts to flee, manner of entry, and any other probative circumstances. *Avilov v. McShane*, No. 26-2431, 2026 WL 1947617, at *2 (E.D. Pa. July 6, 2026) (citing *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (internal citations omitted). See also *Castillo Reyes v. Rose*, 820 F. Supp. 3d 343, 352 n.7 (E.D. Pa. 2026). In reviewing Respondents' claim that the officers made an individualized custody determination when they found Gebesce to be a flight risk, the record is clear that ICE made that determination based solely upon Gebesce's inconsistent addresses. Oppo. at Ex. A. The officers failed to note any of the above additional factors that can be examined in determining whether a noncitizen is a danger to the community or a flight risk. There is no evidence contained in the record that Gebesce has a criminal record, that he has failed to appear at any court dates or ICE reporting dates, or that he lacked steady employment. See Oppo. at Ex. A. Further, Gebesce did not try to escape from the officers; rather, Gebesce let them into the apartment where he was when they knocked on the door. Oppo. at Ex. A. Lastly, there is no evidence in the record regarding when Gebesce moved to Pennsylvania, if in fact he even did. It is entirely possible that Gebesce had just moved to Pennsylvania and was within the time period in which he is required to notify the immigration court of his change of address, or that Gebesce was a visitor to the Pennsylvania apartment in which he was found. The evidence of record shows that ICE did not engage in an individualized custody determination when it opted to detain Gebesce. Rather, they used Gebesce's apparent inconsistent addresses to provide an illusion

[1] Additionally, Gebesce is excused from exhausting any administrative remedies before filing his petition because administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Dos Reis*, 2026 WL 1746649 at *3.

of an individualized determination so as to improperly detain him. I therefore find that Gebesce's detention violates 8 U.S.C. § 1226(a).[2]

## III. CONCLUSION

For the foregoing reasons, Gebesce's detention is improper and as such, his Petition is granted and his immediate release is ordered.

[2] As discussed previously in several opinions, I have found that detention without an individualized custody determination also violates due process. See *Velasquez Velasquez v. Mullin*, No. 26-8074, 2026 WL 3268546, at *3 (Oct. 30, 2026); *Espinoza Huerta v. Mullin*, No. 26-7845, 2026 WL 3217165 at *2 (Oct. 27, 2026). As the government in this matter violated 8 U.S.C. § 1226(a) by failing to make an individualized custody determination as to Gebesce, it has also violated Gebesce's constitutional due process rights for the same reason.